# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

BRANDON NICHOLAS VESTAL, )
)
     Plaintiff, )
)
VS. )          No. 19-1188-JDT-cgc
)
MADISON COUNTY SHERIFF'S )
DEPARTMENT, ET AL., )
)
     Defendants. )

---

## ORDER PARTIALLY DISMISSING COMPLAINT AND DIRECTING THAT PROCESS BE ISSUED AND SERVED ON DEFENDANT BALDERRAMA

---

On August 30, 2019, Plaintiff Brandon Nicholas Vestal, who is incarcerated at the Madison County Criminal Justice Complex (CJC) in Jackson, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) After he submitted the necessary financial documents, the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) The Clerk shall record the Defendants as the Madison County Sheriff's Department, Lieutenant First Name Unknown Balderrama, and Nurse Ashley.[1]

Vestal alleges that on May 22, 2019, he wrote to Lieutenant Balderrama requesting a vegetarian diet in compliance with his religion as a Seventh Day Adventist. (ECF No. 1 at PageID 1.) Balderrama refused to provide him a vegetarian diet because, according to Vestal, he

---

[1] Although Vestal lists only the Madison County Sheriff's Department as a Defendant in the case caption, the Court will liberally construe his allegations as also asserting claims against the two individuals discussed in the body of the complaint.

had not previously requested a vegetarian diet at the CJC. (*Id.* at PageID 1-2.) Vestal asserts that

"a nurse named Ashley who worked at Carrol[l] County when I was a[n] inmate over there"[2] told

Balderrama "that they did not accept and denied my request of me being a seventh day adventist."

(*Id.* at PageID 2.) Nurse Ashley, who now works at the Madison County Sheriff's Department,

"advised LT Balderrama she denied me my 1st [amend]ment." (*Id.*) The same day Vestal

requested a vegetarian tray, Balderrama "posted a memo saying that she will not approve any more

veg[e]tarian trays." (*Id.* at PageID 2-3.)

Vestal alleges that he is "forced to have meat on my tray and meat touching my food,"

which he says interferes with his ability to practice his religion. (*Id.* at PageID 2.) He alleges that

he "is really suffering because I do not eat and everything served here has meat either in the food

or on the tray." (*Id.* at PageID 3.) Vestal alleges that he "was told that my belief of my religion

was make believe or [I']m just acting."[3]

Vestal seeks $2.5 million in damages. (*Id.* at PageID 3, 4.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any

portion thereof, if the complaint—

>    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be

granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[2] The Court presumes Vestal is referring to the Carroll County Jail in Huntingdon, Tennessee.

[3] Vestal does not specify who told him that his religious beliefs were insincere.

677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Vestal filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements:  (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Madison County Sheriff's Department is not an entity subject to suit under § 1983. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).  Vestal's allegations are construed as claims against Madison County, which may be held liable *only* if Vestal's injuries were sustained pursuant to an unconstitutional custom or policy.  *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Vestal does not allege that he was denied a vegetarian meal because of an unconstitutional policy or custom of Madison County.  He instead alleges that Lieutenant Balderrama and Nurse Ashley, through their own individual actions, violated his religious rights.  Vestal does not state a claim against Madison County or the Madison County Sheriff's Department.

Vestal alleges that he was denied meals that accord with his religious beliefs.  Prisoners retain a First Amendment right to the free exercise of their religion.  *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).  Prisoners also have a right to meals that meet their

nutritional needs without violating their sincerely held religious beliefs. *See Robinson v. Jackson*, 615 F. App'x 310, 314 (6th Cir. 2015) (citing *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010)).

According to Vestal, he requested vegetarian meals, which he alleges is required under his religion. Balderrama allegedly refused to provide Vestal a vegetarian diet and posted a memorandum stating any future requests for vegetarian meals would not be approved. Vestal alleges that every meal he is served has "meat on his tray and meat touching [his] food" and that "everything served here has meat either in the food or on the tray." Taken together, Vestal alleges that he has no access to any non-meat food options, which infringes on the free exercise of his religion. Accepting those allegations as true, Vestal sufficiently states a First Amendment claim against Lieutenant Balderrama.

However, Vestal does not state a claim against Nurse Ashley. Vestal appears to suggest that Balderrama denied him vegetarian meals in part because Nurse Ashley told Balderrama that she previously had rejected the sincerity of Vestal's religious beliefs while he was at the Carroll County Jail. However, he does not allege that Nurse Ashley actually refused him vegetarian meals at the Carroll County Jail or that she personally has denied him vegetarian meals at the CJC. Nor does Vestal allege that Nurse Ashley is Balderrama's superior or has any supervisory role over Balderrama's decision regarding Vestal's meals. A government official may be held responsible only for her "own individual actions," not the actions of a peer, superior, or inferior official. *Iqbal*, 556 U.S. at 676. Vestal's somewhat confusing and vague allegations do not suggest any conduct for which Nurse Ashley may be held responsible under § 1983.

In conclusion, the Court DISMISSES Vestal's claims against the Madison County Sheriff's Department and Nurse Ashley for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The Court will allow Vestal to proceed on his

First Amendment claim against Lieutenant Balderrama for denying his request for a vegetarian diet that accords with his religion.

The Clerk is ORDERED to issue process for Defendant Balderrama and deliver that process to the U.S. Marshal for service. Service shall be made on Defendant Balderrama pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Vestal shall serve a copy of every subsequent document he files in this case on the attorneys for Defendant Balderrama or on Defendant Balderrama personally if she is unrepresented. Vestal shall make a certificate of service on every document he files. Vestal shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[4]

Vestal is reminded that he must promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[4] A copy of the Local Rules may be obtained from the Clerk or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.