UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BRANDON NICHOLAS VESTAL, )<br>)<br>   Plaintiff, )<br>)<br>VS. )<br>)<br>MADISON COUNTY SHERIFF'S )<br>DEPARTMENT, ET AL., )<br>)<br>   Defendants. )<br>) | No. 19-1188-JDT-cgc |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

Defendant Lisa Balderrama filed motions to compel discovery and to modify the scheduling order, (ECF Nos. 24 & 27), which the Court granted on June 1, 2020. (ECF No. 28.) The *pro se* Plaintiff, Brandon Nicholas Vestal, was ordered to provide answers to the Defendant's discovery requests within 21 days. (*Id.* at PageID 118.) Vestal failed to comply, and the Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 37(b)(2)(A) and 41(b). (ECF No. 29.)

Vestal did not respond to Defendant's motion to dismiss, but he did file a notice of change of address advising he had been transferred to a different prison. (ECF No. 30.) Vestal also stated in the notice that he was sending discovery to Defendant's counsel and apologized for the delay. (*Id.*) Based on Vestal's apparently recent transfer and his

assertion that he was providing discovery to counsel, the Court denied Defendant's motion to dismiss. (ECF No. 31.) The Court stated, however, that Defendant could renew the motion if necessary. (*Id.* at PageID 127.)

On August 20, 2020, Defendant filed a renewed motion to dismiss pursuant to Rules 37 and 41. (ECF No. 34.) Defendant states that despite Vestal's earlier statement that he was sending his discovery responses, counsel has received nothing from him. Vestal again has failed to file a response to the motion to dismiss.

Despite being allowed more than ample time to do so, Vestal still has not complied with the Court's order compelling discovery. Moreover, because he has chosen not to respond to Defendant's motions, Vestal has offered no explanation to the Court for that failure to comply. The Court finds Defendant has been unduly prejudiced by Vestal's refusal to provide discovery. The complete lack of discovery has hindered her ability to move the case forward and defend against Vestal's claims. Dismissal of this case is, therefore, the appropriate sanction.

Accordingly, Defendant's motion to dismiss is GRANTED. This case is DISMISSED in its entirety pursuant to Federal Rules of Civil Procedure 37(b)(2)(A) and 41(b) for failure to provide discovery and to comply with the Court's order.

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) that an appeal by Vestal would not be taken in good faith. If he nevertheless chooses to file a notice of appeal and wishes to use the installment procedures of the Prison Litigation Reform Act for paying the $505 appellate filing fee, Vestal must submit an updated *in forma pauperis* affidavit and a current, certified copy of his inmate

trust account for the six months immediately preceding the filing of the notice of appeal. *See* 28 U.S.C. §§ 1915(a)-(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                          s/ **James D. Todd**
                                          JAMES D. TODD
                                          UNITED STATES DISTRICT JUDGE